City of Chicago, Defendant in Error, v. Bertrand L. Weber, Plaintiff in Error.

Gen. No. 17,248.

DISORDERLY CONDUCT—*what constitutes.* One making a speech on the public streets of Chicago with verbal but not written permission from the police captain of the district should not be found guilty of violating section 1454 of the city ordinances relating to disorderly conduct.

Error to the Municipal Court of Chicago; the HON. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed November 7, 1912.

C. STUART BEATTIE, for plaintiff in error.

JAMES S. McINERNEY, for defendant in error; EDWIN J. RABER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff in error, Bertrand L. Weber, is seeking in this court the reversal of a judgment of the Municipal Court finding him guilty of disorderly conduct and fining him one dollar. In the briefs of counsel we are asked to consider and pass upon many things, which are called "constitutional rights" and principles "that ought not to be surrendered," etc., which, as we view the matter, are not involved herein.

The facts are undisputed. Weber was making a speech upon the public streets of Chicago; he was approached by a police officer who inquired if he had a written permit for his meeting; Weber replied that he had no written permit, but had received verbal permission from the police captain of the district. Thereupon the officer arrested him and lodged a complaint against him, charging him with violating section 1454 of the city ordinances, commonly known as the disorderly conduct section. The court found Weber guilty of violating this section of the ordinances. It is claimed by the plaintiff in error that the conduct of Weber does not fall within any of the provisions of section 1454, concerning disorderly conduct. It appears to be the fact that Weber did have verbal permission for his meeting, so that his misconduct, if any there was, occurred solely in his failure to have this permission in writing, and such failure is not covered by any of the provisions of section 1454 aforesaid.

The reply of the City is that Weber was guilty of violating section 2128 of the city ordinances, with special reference to that portion of the section which provides that "No parade or procession shall be allowed upon any street or public way in the city, nor shall any

open air meeting be held upon any ground abutting any street or public way in the city, until a permit, in writing, therefor shall first be obtained from the Police Department.''

As to the assertion that Weber was guilty of violating this section of the ordinance, we express no opinion; but he is not charged with violating this section, and the finding of the court does not refer to it. From the facts before us it is apparent that Weber should not have been found guilty of the particular charge made against him.

The judgment will be reversed and the cause remanded:

*Reversed and remanded.*